UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS INNOVATIONS LTD., <br> Plaintiff, <br> v. <br> ELITE SEMICONDUCTOR MEMORY TECHNOLOGY, INC., <br> Defendant. | Case No. 17-cv-07157-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. No. 28 |

On July 25, 2018, plaintiff Polaris Innovations, Ltd. ("Polaris") filed a letter brief regarding various discovery disputes. Polaris states that defendant Elite Semiconductor Memory Technology, Inc. ("ESMT") "refuses to serve initial disclosures, to respond to discovery, or to make the Patent Local Rule 3-4 document production," and that "Polaris's requests to meet and confer in person to resolve the dispute remain unanswered." Dkt. No. 28. ESMT has not filed a response to Polaris's letter brief. Polaris seeks an order directing ESMT to fully comply with its discovery obligations, and to verify all responses, within 10 days of the Court's order.

The Court GRANTS Polaris's request, and ORDERS the following: Within 10 days of this Court's order, ESMT shall serve initial disclosures, fully respond to the document requests and interrogatories, and fully comply with Patent Local Rule 3-4. The Court also finds that various objections that ESMT asserted are frivolous.[1] It is the Court's view that the instant

---

[1] Polaris states that on June 9, 2018, Polaris served a set of document requests and interrogatories that seek technical and financial information about ESMT's accused products, as well as information supporting ESMT's affirmative defenses. According to Polaris, ESMT served objections on July 9, but did not respond to any interrogatories or produce any documents, and ESMT did not respond to Polaris's repeated requests to meet and confer regarding the objections. Polaris asserts that ESMT's objections are frivolous, and the Court agrees. For example, ESMT objected on relevance grounds to requests seeking technical and financial information about the accused products and to requests seeking the basis for ESMT's affirmative defenses; these

discovery disputes were entirely avoidable, and ESMT is directed to take its discovery obligations, including the requirement to meet and confer in person regarding discovery disputes, seriously. If discovery misconduct persists, the Court will be inclined to grant sanctions.

**IT IS SO ORDERED**.

Dated: August 2, 2018

_____
SUSAN ILLSTON
United States District Judge

---

requests seek information that is clearly relevant to the issues in this case. ESMT also refused to answer interrogatories, including an interrogatory asking the basis of ESMT's affirmative defenses, based upon ESMT's "continuing investigation"; any continuing investigation is not a basis for refusing to provide any substantive answer to an interrogatory. ESMT objected to producing any confidential documents based upon the lack of a protective order, notwithstanding the fact that Patent Local Rule 2-2 provides, "Discovery cannot be withheld on the basis of confidentiality absent Court order. The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order. The approved Protective Order can be found on the Court's website."

2